IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEON BARCLEY STUSALITUS,

    Plaintiff,

    v.

OFFICER ANGELIQUE ORTIZ, *et al.*,

    Defendants.

Case No. 2:24-cv-202

**OPINION & ORDER**

Plaintiff Leon Barcley Stusalitus was charged with felony abduction in violation of Va. Code § 18.2-47. The magistrate who issued the warrant for the plaintiff's arrest did so based on an affidavit written by the alleged victim. The plaintiff contends that the police officer who walked the alleged victim to the magistrate's office—and that officer's supervisor, who was not present before the magistrate at all—engaged in a malicious prosecution. The defendants moved for summary judgment.[1]

The Court has considered the arguments in the parties' briefing and concluded it is not proper to hold a hearing, because the plaintiff has not made "a substantial preliminary showing" that the affidavit on which the magistrate based his probable

---

[1] The defendants previously moved to dismiss the Complaint. ECF No. 7. In his response, the plaintiff conceded that Counts II and IV are time-barred. ECF No. 14 at 2. Therefore, the Motion to Dismiss will be **GRANTED IN PART,** and Counts II and IV will be **DISMISSED.** The Motion to Dismiss will be **DENIED AS MOOT** with respect to Counts I and III, which the Court resolves on the Motion for Summary Judgment.

cause determination included a knowingly, intentionally, or recklessly false statement that was "necessary to the finding of probable cause." *United States v. Sanders*, 107 F.4th 234, 252 (4th Cir. 2024) (describing the "narrow exception" established in *Franks v. Delaware*); *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (requiring "more than conclusory" allegations that an affidavit is false, in order to "mandate an evidentiary hearing" on the validity of probable cause); *see also* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J). Accordingly, the hearing set for February 4, 2024, is **CANCELED**.

For the reasons stated herein, the Motion for Summary Judgment will be **GRANTED**.

**I.     BACKGROUND**

The following facts are undisputed and control the outcome of the motion:

1. An alleged victim went to the police station to make a report against the plaintiff. ECF No. 25 ¶ 6; *see* ECF No. 26 at 5 (not disputing this fact).

2. Defendant Ortiz took the alleged victim's statement, then walked the alleged victim over to the magistrate's office. ECF No. 25 ¶¶ 6, 12; *see* ECF No. 26 at 7 (not disputing these facts).

3. The alleged victim herself presented a sworn statement to the magistrate. ECF No. 25 ¶ 13; ECF No. 25-8 (handwritten statement); *see* ECF No. 26 at 8 (not disputing this fact).

4. The magistrate found probable cause to issue arrest warrants for three counts of felony abduction.[2] ECF No. 25 ¶ 13; ECF No. 25-9 (warrants); *see* ECF No. 26 at 8 (not disputing this fact).

5. The plaintiff was arrested on those warrants. ECF No. 25 ¶ 14; *see* ECF No. 25-9.

## II. JURISDICTION

This Court has original jurisdiction over the plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(3).

## III. LEGAL STANDARDS

### A. Summary Judgment

A court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citation omitted); *see Celotex*

---

[2] The parties agree that the magistrate also issued warrants for misdemeanor domestic assault and battery, at the same time he issued the warrants for abduction. ECF No. 25 ¶ 13; *see* ECF No. 26 at 8 (not disputing this fact). But the record contains no evidence of assault or battery charges. *See* ECF No. 25-9 (warrants). Therefore, the Court will disregard this fact.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To do that, the movant must support their assertions as to undisputed facts by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

If the moving party is successful in the first instance, then the burden "shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial." *Gnik*, 93 F.4th at 200 (quotation marks omitted); *see Celotex*, 477 U.S. at 324. "The facts and all justifiable inferences arising therefrom must be viewed in the light most favorable to the non-movant." *Gnik*, 93 F.4th at 200. However, if the non-movant "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" or may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

B.     **Malicious Prosecution Claims Under 42 U.S.C. § 1983**

A successful malicious prosecution claim under 42 U.S.C. § 1983 requires the plaintiff to prove a violation of the Fourth Amendment. *See Thompson v. Clark*, 596 U.S. 36, 42–43 (2022). That, in turn, requires proof that the plaintiff was seized without probable cause. *Harris v. Town of Southern Pines*, 110 F.4th 633, 639 (4th Cir. 2024). Thus, to survive summary judgment on a malicious prosecution claim, the plaintiff must raise a genuine dispute as to whether the charges against them were

4

based on probable cause. *See id.* at 635. Whether there is probable cause to bring a criminal charge is a question of law. *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011).

IV. **ANALYSIS**

There is no genuine dispute as to whether the charges against the plaintiff were supported by probable cause, because the plaintiff does not present any evidence to contradict the factual allegations in the affidavit that was presented to the magistrate. Courts must "defer" to a magistrate's finding of probable cause except "when the finding was not supported by substantial evidence in the record or when the basis of the determination was a knowingly or recklessly false affidavit." *United States v. Davis*, 94 F.4th 310, 316 (4th Cir. 2024); *see Sanders*, 107 F.4th at 250; *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.") (quotation marks omitted, alterations accepted). The affidavit on which a magistrate relies is entitled to a "presumption of validity," and a plaintiff who attempts to overcome that presumption must raise the possibility that information therein is false, with "more than conclusory" allegations. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

The defendants adequately raise whether the validity of probable cause is beyond dispute. *See* ECF No. 25 at 15–20. In his opposition brief, the plaintiff asserts that the alleged victim "went to [the police] to make false charges against [him]." ECF No. 26 at 5. And in his deposition, the plaintiff said those charges were "without any

5

evidence." ECF No. 25-1 at 39. But the plaintiff does not say which statements in the alleged victim's affidavit are false, and he provides no evidence to contradict what the alleged victim presented to the magistrate.[3] In other words, the plaintiff merely makes a "conclusory" allegation that the affidavit on which the magistrate found probable cause was knowingly or recklessly false. *Franks*, 438 U.S. at 171. That is insufficient as a matter of law to overcome the presumption that the magistrate's finding was valid. *See Davis*, 94 F.4th at 316.

Both sides' briefs focus almost entirely on the extent to which Defendant Ortiz should have investigated the alleged victim's allegations before taking her to the magistrate to present them.[4] But nothing Defendant Ortiz did in this case matters,

---

[3] Instead of citing evidence to raise a factual issue as whether the alleged victim's affidavit was false, the plaintiff speculates about the reason the alleged victim might have made false statements, ECF No. 26 at 5 ("in order to gain leverage over [the plaintiff] regarding their unborn child"), and makes arguments that, even if they cited to the record—which they do not—would be inadmissible at trial under Fed. R. Evid. 602, *e.g., id.* (asserting that the alleged victim made "other frivolous accusations in other jurisdictions," which were also supported by "absolutely nothing").

[4] In his deposition, the plaintiff was asked "what accusations made by" the alleged victim he claimed "Officer Ortiz should have viewed as questionable." ECF No. 25-1 at 41. The plaintiff answered:

> In the written criminal complaint there is a very specific line written by [the alleged victim] where she claims that in late June I, the defendant, had choked her against her will and wouldn't stop. And she crossed it out and initialed it. I think that would have—any reasonable person would have said, Hey, wait a second. It sounds like somebody is trying to kill you. Are you sure that this happened?

*Id.* Notably, the defendant said Defendant Ortiz should have questioned the alleged victim's allegations, but the plaintiff still provides no contrary facts to raise the possibility that the affidavit the alleged victim presented to the magistrate was false.

6

because it is undisputed that the affidavit presented to the magistrate came from the alleged victim, not from Officer Ortiz. ECF No. 25 ¶ 13; ECF No. 25-8 (handwritten complaint); *see* ECF No. 26 at 8 (not disputing this fact). Likewise, nothing Defendant Wright did or did not do makes any difference, because he provided no evidence before the magistrate who authorized the charges against the plaintiff.

The plaintiff asserts that "by bringing the charges herself and 'standing up the witness' to the magistrate," Defendant Ortiz "buoyed the apparent credibility" of the alleged victim's statements. ECF No. 26 at 7. But that is an argument about the reasonableness of the magistrate's determination, not a fact that raises the possibility that the affidavit itself was false. And without any fact that undercuts the veracity of the affidavit, the Court cannot even reach the question of whether the magistrate's judgment was correct. *See Davis*, 94 F.4th at 316.

Therefore, the Court finds that there is no genuine dispute as to whether the charges against the plaintiff were based upon probable cause. That entitles the defendants to judgment as a matter of law.[5]

---

[5] The defendants argue that if there were a genuine dispute as to the validity of probable cause to support the plaintiff's charges, summary judgment would still be appropriate on the basis of qualified immunity. ECF No. 25 at 20–21. Because the Court decides the Motion on the merits of the malicious prosecution claims, it declines to reach qualified immunity.

## V. CONCLUSION

The defendants' Motion to Dismiss (ECF No. 7) is **GRANTED IN PART,** and Counts II and IV of the Complaint are **DISMISSED.** The remainder of the motion is **DENIED AS MOOT.**

The defendants' Motion for Summary Judgment (ECF No. 24) is **GRANTED.**

The Clerk is **DIRECTED** to enter judgment in favor of Defendants Officer Angelique Ortiz and Kelvin Wright as to Counts I and III.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
January 31, 2025